IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEE ISRAEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 20-1467 (MN) |
| | ) |
| BOARD OF PAROLE, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 13th day of August 2021:

**I.  BACKGROUND**

In November 1985, a Delaware Superior Court jury convicted Petitioner of first degree rape, first degree burglary, second degree attempted burglary, and misdemeanor theft. *See Israel v. State*, 514 A.2d 413 (Table), 1986 WL 174349, at *1 (Del. 1986). The Superior Court sentenced Petitioner to life imprisonment plus fifty years. *See id*. The Delaware Supreme Court affirmed Petitioner's convictions and sentence on August 22, 1986. *See id.* at *2.

In July 1995, Petitioner filed his first motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See State v. Israel*, 1996 WL 190033 (Del. Super. Ct. Feb. 6, 1996). The Superior Court denied the Rule 61 motion as time-barred and meritless on February 6, 1996, and the Delaware Supreme Court affirmed that judgment in May 1996. *See id*. at *5; *see Israel v. State*, 682 A.2d 626 (Del. 1996). Petitioner filed his second Rule 61 motion in July 2004, which the Superior Court summarily dismissed in September 2004. *See State v. Israel*, 2004 WL 2240158 (Del. Super. Ct. Sept. 24, 2004). The

Delaware Supreme Court affirmed that decision in February 2005. *See Israel v. State*, 869 A.2d 327 (Table), 2005 WL 535349 (Del. Feb. 25, 2005 ).

In 2006, Petitioner filed in this Court his first habeas petition challenging his 1985 convictions, which asserted the following two grounds for relief: (1) the Superior Court abused its discretion by failing to instruct the jury on the lesser-included offense of criminal trespass; and (2) the prosecution knowingly elicited false testimony from a witness. *See Israel v. Carroll*, 2007 WL 1109286, at *1 (D. Del. Apr. 11, 2007). The Honorable Sue L. Robinson dismissed the first petition as time-barred in April 2007. *Id*. at *3-4.

In March 2015, Petitioner filed a third Rule 61 motion in the Superior Court. *See State v. Israel,* 2015 WL 3648202 (Del. Super. Ct. June 9, 2015). The Superior Court summarily dismissed the Rule 61 motion as procedurally barred in June 2015, and the Delaware Supreme Court dismissed Petitioner's appeal from that decision as untimely. *See id*. at *3; *Israel v. State*, 119 A.3d 42 (Table), 2015 WL 4651324 (Del. Aug. 5, 2015).

In February 2016, Petitioner filed in the Superior Court a motion for correction of sentence, which the Superior Court denied. *See Israel v. State*, 143 A.3d 3 (Table), 2016 WL 3538681, at *1 (Del. June 20, 2016). The Delaware Supreme Court affirmed the Superior Court's judgment on June 20, 2016. *See id.* at *2.

In October 2020, Petitioner filed the habeas Petition and supporting memorandum presently pending before the Court. (D.I. 1; D.I. 3). The Petition asserts one ground for relief: defense counsel provided ineffective assistance by failing to call a material eye-witness to testify during his criminal proceeding. (D.I. 3 at 2). Petitioner has also filed a Motion to Appoint Counsel. (D.I. 4).

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The instant Petition[1] challenges the same 1985 convictions that Petitioner challenged in his first habeas petition, and the dismissal of that petition as time-barred constitutes an adjudication on the merits for § 2244 purposes. *See Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) ("Rohn previously filed a § 2254 petition that was dismissed as untimely, and, because that disposition counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b).)"; *Thomas v. Pierce*, 2017 WL 359165, at *1 (D. Del. Jan. 23, 2017) (noting that dismissal of first habeas petition as time-barred "constitutes an adjudication on the merits for the purposes of the gate-keeping rules on second or successive applications."). In addition, Petitioner could have asserted the instant ground for relief in his first petition.

---

[1] Petitioner's release on parole still satisfies the custody requirement of 28 U.S.C. § 2254. *See Lee v. Strickman*, 357 F.3d 338, 342-43 (3d Cir. 2004).

3

Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the pending Petition. *See* 28 U.S.C. § 2244(b)(3). Consequently, the Court lacks jurisdiction to consider the instant unauthorized second or successive habeas Petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant filing comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). For these reasons, the Court will dismiss the instant unauthorized second or successive habeas Petition for lack of jurisdiction, and will dismiss the pending Motion to Appoint Counsel as moot. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139.

### IV. **CONCLUSION**

THEREFORE, for the reason set forth above, IT IS HEREBY ORDERED that: (1) Petitioner Lee Israel's unauthorized second or successive Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (D.I. 1; D.I. 3) is **DISMISSED** for lack of jurisdiction and (2) Petitioner's Motion to Appoint Counsel (D.I. 4) is **DENIED** as moot.

The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). .

_____
The Honorable Maryellen Noreika
United States District Court